[Civ. No. 1595.   First Appellate District.—April 14, 1916.]

HANNAH ROSENTHAL et al., Appellants, v. L. BAUER et al., Defendants; NATIONAL BREWING COMPANY (a Corporation), Respondent.

GUARANTY—PAYMENT OF RENT RESERVED IN LEASE—CONSTRUCTION.—· A guaranty attached to a lease of real property for the period of ten years at a monthly rental of six hundred dollars for the first five years and seven hundred dollars for the second five years, which indemnifies the lessors for a breach of the covenant to pay the rent reserved "in the sum of thirty-six hundred dollars," and a resolution authorizing the execution of such guaranty by the corporation guarantor, which provides that such guaranty be executed "for the sum of $3,600, being for six months' rent at $600 per month," are to be construed as covering only against defaults by the lessees during the first five years, when the rent was six hundred dollars per month.

ID.—CONTRACT—REPUGNANCIES—HOW INTERPRETED.—The repugnancies of a contract must be reconciled, if possible, by giving to them such an interpretation as will make them effective and at the same time subordinate to the general intent and purpose of the contract considered and construed in its entirety.

ID.—INCONSISTENT WORDS AND PHRASES—WHEN REJECTED.—Particular words and phrases in a contract may, for the sake of interpretation, be rightly rejected only when they are inconsistent with its apparent purpose and the obvious intent of the parties.

ID.—ACTION FOR RECOVERY OF RENT—EVIDENCE—CIRCUMSTANCES SURROUNDING EXECUTION OF GUARANTY—HARMLESS ERROR.—In an action brought against the lessees and the guarantor to recover unpaid rent, error, if any, in the ruling sustaining an objection to a question propounded to a witness by plaintiff's counsel, calling for the circumstances attending the execution of the guaranty, was harmless, where subsequently all of the circumstances preceding and attending the execution of the lease, the original guaranty, and the resolution was admitted in evidence without objection.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Charles A. Shurtleff, and J. G. De Forest, for Appellants.

Marcus Rosenthal, for Respondent.

LENNON, P. J.—On July 12, 1906, the plaintiffs, as lessors, and the defendants Bauer and Sachau, as lessees, entered into a lease of certain real property for a period of ten years from the date of the acceptance of a building to be erected upon the real property, at a monthly rental of six hundred dollars for the first five years and seven hundred dollars for the remaining five years. The lessors insisted upon a guaranty for the payment of the rent reserved, and accordingly the lessees Bauer and Sachau procured a written guaranty, expressed upon a separate paper, purporting to be signed by the National Brewing Company, which was attached to the lease, and which was in the following words and figures:

"Know all men by these presents that for and in consideration of the execution of the within lease by the parties of the first part, and in consideration of one dollar to it paid, the undersigned, the National Brewing Company, a corporation, duly incorporated under and by virtue of the laws of the State of California, does hereby guarantee to said lessors, parties of the first part, the payment of the rent reserved in said lease and the performance of the covenants and conditions to be performed by the parties of the second part, in the sum of thirty-six hundred ($3,600) dollars; and hereby agrees that it will indemnify said lessors, parties of the first part, in said sum against any loss or damage which they or either of them might incur by reason of the breach of any of the covenants of said lease by said parties of the second part.

"Dated July ——, 1906.

     "National Brewing Co.
      "By George F. Volz,
        "Secretary."

The lessors expressed dissatisfaction with the guaranty thus drawn and delivered in so far as it failed to reveal the corporate authority for its execution, and returned it to the secretary of the corporation defendant with the request that the authority for its execution be evidenced by a resolution of the board of directors of said corporation. Thereupon the board of directors of said defendant adopted and expressed upon a separate paper, which was attached to the lease and guaranty as originally drafted, the following resolution:

"San Francisco, Cal., July 12, 1906.

"At a special meeting of the board of directors of this *association, held at this office 7262 Fulton street, at 9 o'clock A. M. July 12, 1906,* it was resolved that the secretary of this corporation be authorized to sign that certain guaranty on lease of L. Bauer and John Sachau with Hannah Rosenthal, Amelia Waterland, Fannie Bernard and Rose Oser, for the sum of $3,600, being for six months' rent at $600 per month.

"There being no further business it was resolved to adjourn.

"GEORGE F. VOLZ,     (Seal)
"Secretary."

After the execution and delivery of the lease in question, with the guaranty as originally drafted and the resolution attached thereto, the tenants Bauer and Sachau, on the nineteenth day of January, 1907, when the building referred to in the lease was completed and accepted, entered into the possession of the demised premises, and paid rent under the terms of the lease to July 13, 1913, after which date they refused to pay further rent. Plaintiffs brought this action against Bauer and Sachau, as lessees, and the National Brewing Co. as guarantor, to recover seven hundred dollars, the rent from July 19th to August 19th, under the terms of the lease, which provided that during the second five years the rent reserved should be in that amount. The defendants Bauer and Sachau defaulted, and judgment was rendered and entered against them in favor of the plaintiffs, but, upon the issue of the guaranty judgment was rendered in favor of the corporation defendant, and the appeal is by plaintiffs from that judgment and from an order denying a new trial.

The appeal comes here on the judgment-roll and a statement of the case. The statement, however, does not purport

to present all of the evidence adduced upon the trial of the case, and apparently is limited to a recital of "the evidence concerning the relative time of the execution of the guaranty and the certificate of resolution."

In addition to alleging the execution of the lease and the breach by the defendants Bauer and Sachau of the covenant to pay the rent reserved therein for the month above mentioned, the plaintiff's complaint for cause of action against the corporation defendant, pleaded and relied upon the alleged execution and delivery of the guaranty in the sum of three thousand six hundred dollars as originally drafted, and made no reference to the resolution of the corporation defendant authorizing and embodying a guaranty for the payment of six months' rent at six hundred dollars per month. The answer of the defendant denied the execution and delivery of the guaranty as originally drafted and pleaded in the plaintiff's complaint, and then averred that although it had authorized a guaranty to the plaintiffs for the payment of the first six months' rent reserved under the lease in the sum of three thousand six hundred dollars, yet such guaranty had never been executed and was never delivered to the plaintiffs.

The trial court in its findings of fact, after finding the execution of the lease and the breach of the covenant to pay the rent reserved in the sum of seven hundred dollars for the month commencing July 19, 1913, and ending August 19, 1913, in effect found that the original guaranty and the resolution were attached to the lease when it was finally delivered to plaintiffs; that the original guaranty and the resolution were executed by and between the same parties; that the subject matter of the lease was the same, and that they and the lease were parts of substantially one transaction.

It is conceded that these findings necessarily involve the implied finding that the original guaranty and the resolution constituted but a single contract of guaranty. (Civ. Code, sec. 1642.)

These are the fundamental findings in the case; and whether or not they support the judgment is the primary question presented upon the appeal. The determination of that question depends upon the construction to be given to the contract of guaranty. Evidently the trial court construed it to mean that the corporation defendant had thereby obligated itself to guarantee only the payment of .the rent re-

served for six months during the first five years of the lease not to exceed the sum of three thousand six hundred dollars, at six hundred dollars per month; that is to say, the trial court in effect found that the corporation defendant, by its contract of guaranty, only obligated itself to indemnify the plaintiffs against such default in the lessees' payment of the rent reserved as might occur during the first five years of the lease, when the rent reserved was fixed at six hundred dollars per month.

This, we think, is the correct construction to be given to the guaranty. We cannot bring ourselves to agree with the construction contended for by counsel for the plaintiffs, to the effect that the guaranty contemplated and covered any default of the lessees in the payment of the rent reserved. without regard to whether such default occurred during the first five years, when the rent was fixed at six hundred dollars per month, or during the second five years, when the rent was fixed at seven hundred dollars per month. This construction of the guaranty cannot be sustained without doing violence to the general rule of construction which requires that the repugnancies of a contract must be reconciled, if possible, by giving to them such an interpretation as will make them effective and at the same time subordinate to the general intent and purpose of the contract considered and construed in its entirety. (Civ. Code, sec. 1652.) Particular words and phrases in a contract may, for the sake of interpretation, be rightly rejected only when they are inconsistent with its apparent purpose and the obvious intent of the parties. (Civ. Code, sec. 1654.) That clause of the resolution which limits the liability of the corporation defendant for the lessees' default in the payment of the rent reserved to "six months at six hundred dollars per month" is not, in our opinion, inconsistent with the general purpose of the contract, nor antagonistic to the intent of the parties as gathered from the contract of guaranty in its entirety. To provide security for the payment of the rent reserved to the extent of three thousand six hundred dollars was the obvious purpose of the contract of guaranty and the apparent intent of the parties. The clause of the contract referred to, and which counsel for plaintiffs would have us reject, is in general accord with the purpose of the contract, and is not necessarily opposed to the main intent of the parties as gathered from the contract of

guaranty considered as a whole. The original guaranty contracts to indemnify the plaintiffs for a breach of the covenant of the lease to pay the rent reserved ''in the sum of thirty-six hundred dollars ($3,600),'' and that sum is the aggregate of six months' rent at six hundred dollars per month.

There is, therefore, no good reason for rejecting that clause of the contract which purports to limit the liability of the corporation defendant to defaults in the payment of rent which might occur during the first five years of the life of the lease. Retaining this clause the trial court's construction of the contract does not involve an absurdity. It reconciles, in subordination to the main intent of the parties, the repugnancy, if any, existing between the terms of the original guaranty and the resolution; it is reasonably practicable and gives effect to every part of the contract. Such construction, therefore, must be sustained. (Civ. Code, secs. 1638, 1650, 1652.)

Whatever the uncertainty existing between the original guaranty and the resolution, it is readily removed by a resort to the statutory rules of construction, and therefore the rule that any uncertainty existing in the language of a contract must be ''interpreted against the party who caused the uncertainty to exist'' cannot be invoked in aid of plaintiffs' construction of the contract of guaranty. (Civ. Code, sec. 1654.)

The error, if any, in the ruling of the trial court sustaining an objection to a question propounded to a witness by plaintiffs' counsel, calling for the circumstances attending the execution of the guaranty, was harmless, for the reason that subsequently all of the circumstances preceding and attending the execution and delivery of the lease, the original guaranty, and the resolution were admitted in evidence without objection.

The judgment and the order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.